UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

Plaintiff,

v.

WHATCOM COUNTY, et al.,

Defendants.

CASE NO. 2:25-CV-208-DGE-DWC

ORDER DECLINING SERVICE OF AMENDED COMPLAINT

Plaintiff Richard Arthur Kirkham, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. The filing fee has been paid. *See docket.* Having reviewed and screened Plaintiff's amended complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff's claims against several defendants are deficient and not sufficiently pled for service. As such, the Court declines to direct service of the amended complaint but grants Plaintiff the opportunity to file a second amended complaint curing his deficient claims.

## I. BACKGROUND

Plaintiff, an inmate currently confined at Whatcom County Jail ("WCJ"), filed an amended complaint challenging the conditions of confinement at that facility. Dkt. 5. Plaintiff organizes his claims into three counts, and each concerns the dental treatment he was provided

after Defendant Jessica Dubek, a dentist at WCJ, determined Plaintiff required a root canal to treat an infected tooth. *Id*. at 4–8.

In Count I, Plaintiff alleges deliberate indifference by Defendants Whatcom County, Bill Elfo (former Whatcom County sheriff), Donnell Tanksley (current Whatcom County sheriff), and Dentall (a private entity that provides dental care to WCJ inmates). *Id.* at 4–5. Plaintiff alleges Defendant Whatcom County has a policy limiting the dental procedures that can be performed at WCJ to tooth extractions (hereinafter referred to as "extraction-only policy"). *Id.* 5 at 4–5. Plaintiff further alleges that Defendants Elfo, Tanksley, and Dentall "approved and maintained" this extraction-only policy. *Id.* According to Plaintiff, the extraction-only policy has prevented him from receiving a necessary dental treatment—specifically, a root canal—for over seventeen months. *Id.* Plaintiff also references that the extraction-only policy supports state tort claims (presumably against all defendants named in Count I). *Id.*

In Count II, Plaintiff alleges deliberate indifference by Defendants Dubek, Wendy Jones (former WCJ chief), Caleb Erickson (current WCJ chief), and Breanna Doe (nursing supervisor at WCJ). *Id.* at 6–7. Plaintiff alleges Defendants Dubrek and Doe were aware that Plaintiff required a root canal, but neither acted to ensure Plaintiff was provided such treatment despite the numerous grievances and appeals he filed. *Id.* As for Defendants Jones and Erikson, Plaintiff alleges they were responsible for overseeing grievance appeals throughout the relevant period. *Id.* at 7.

In Count III, Plaintiff alleges a Fourteenth Amendment violation by Defendants Dentall, Dubek, and Doe. *Id.* at 7–8. Plaintiff's allegations in this count are a continuation of his allegations in Counts I and II. Plaintiff provides additional details about Defendants Dubek and Doe's alleged failure to provide adequate dental treatment, stating each would review Plaintiff's treatment requests made in grievances and simply refer Plaintiff back to the other Defendant. *Id.*

at 7–8. Plaintiff further alleges Defendants Dubek and Doe "changed my prognosis without any new information" to avoid referring Plaintiff for a root canal by an outside provider. *Id.* Finally, Plaintiff alleges that actions taken by Defendant Dubek were "on behalf of Dentall." *Id.*

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.

1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the Court should dismiss the complaint as frivolous and without leave to amend. 28 U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## III. DISCUSSION

Upon review, the Court finds Plaintiff has sufficiently pled his § 1983 claims against Defendants Whatcom County (Count I) and Defendants Breanna Doe and Jessica Dubek (Counts II and III). However, all remaining claims in the amended complaint are deficient. Specifically, Plaintiff's § 1983 claims against Defendants Elfo and Tanksley (Count I), Defendants Jones and Erikson (Count II), and Defendant Dentall (Counts I and III) and the state law claims referenced in Count I are deficient for the reasons discussed below.

### A. Supervisory Defendants

Plaintiff's claims against Defendants Elfo, Tanksley, Jones, and Erikson are based on these defendants holding supervisory positions within Whatcom County and WCJ. The claims are deficient because Plaintiff fails to demonstrate these supervisory defendants' personal participation in causing the specific constitutional harm alleged. Section 1983 claims may not be brought on the theory a supervisor is vicariously liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social Servs*., 436 U.S. 658, 691 (1978). Rather, a plaintiff must show the supervisor (1) personally participated in or directed the alleged harm or (2) knew of a risk of harm to the plaintiff and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Sweeping conclusory allegations against a defendant are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Plaintiff's sole allegation with respect to Defendants Elfo and Tanksley, which is made in Count I, is that they "approved and maintained" Defendant Whatcom County's alleged

extraction-only policy while serving as sheriff for the County. Dkt. 1-1 at 4–5. These allegations are insufficient to demonstrate their personal participation in violating Plaintiff's constitutional rights. There is no allegation these defendants were directly involved in enforcing the extraction-only policy with respect to Plaintiff or with awareness of the circumstances alleged in the amended complaint. *See, e.g., Ortez v. Washington Cnty., Or.*, 88 F.3d 804, 809–10 (9th Cir. 1996) (affirming dismissal where plaintiff "failed to allege that…defendants knew of or participated in activities connected to the alleged § 1983 violations"). With respect to Defendants Jones and Erikson, Plaintiff alleges in Count II that they were responsible for overseeing grievances at WCJ. Plaintiff again fails to sufficiently allege personal participation by these supervisory defendants, as his allegations do not show Defendants Jones and Erikson's knowledge of, or participation in, the specific constitutional harm he allegedly suffered. Dkt. 1-1 at 6–7.

Therefore, in any amended pleadings, Plaintiff should only name individuals as defendants if he can allege specific facts demonstrating their personal participation in the alleged denial of procedural due process.

**B. Defendant Dentall**

Plaintiff has also failed to state a claim against Defendant Dentall. Where, as here, a private entity is sued under § 1983 for actions allegedly taken under color of state law, the Ninth Circuit has instructed that the *Monell* requirements apply. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138–39 (9th Cir. 2012); *see also M.H. v. County of Alameda*, 62 F. Supp. 3d 1049, 1085–86 (N.D. Cal. 2014) (finding a private healthcare provider fell under *Monell*). To set forth a claim pursuant to *Monell*, a plaintiff must show a defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell v. New York*

*City Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). A defendant "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original). Regardless of whether a claim is brought against a county or a private entity acting under color of state law, *Monell* requires that a plaintiff establish a direct causal link between an official policy held by the defendant and the constitutional violation alleged. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 391–92 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835–38 (9th Cir. 1996).

Plaintiff fails to connect the constitutional violations he alleges against Defendant Dentall in Counts I and III to an official policy or practice of Defendant Dentall. In Count I, Plaintiff alleges he was denied necessary dental care because of the extraction-only policy allegedly held by Defendant Whatcom County. Dkt. 1-1 at 4–5. There is no allegation that Defendant Dentall had an independent policy restricting the dental procedures its employees were permitted to provide or prohibiting its employees from referring WCJ inmates for procedures performed by outside providers. Thus, Plaintiff has failed to draw a nexus between an official policy held by Defendant Dentall and the constitutional injuries alleged in Count I. Next, in Count III, Plaintiff seeks to hold Defendant Dentall vicariously liable for the actions of Defendant Dubek. Dkt. 1-1 at 7–8. Because this is not a viable theory of liability under § 1983, Plaintiff should only name a county or private entity acting under color of state law as a defendant if he can allege facts demonstrating a policy or practice of that defendant was the moving force behind any constitutional violation alleged.

**C. State Law Claims (Count I)**

Finally, to the extent Plaintiff wishes to pursue supplemental state law claims in this § 1983 action, he has failed to sufficiently plead such claims in Count I of his amended complaint.

Plaintiff's brief reference to these potential claims and bare allegation that "this [extraction-only] policy also constitutes the torts of negligent infliction of emotional distress, negligence, and failure to protect," is not enough to give defendants fair notice of the nature of his claims and the factual basis on which the claim rests. *Iqbal*, 556 U.S. at 678. Brief references and conclusory allegations do not meet this standard. *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (conclusory allegations are insufficient to nudge a claim for relief "across the line from conceivable to plausible"). If Plaintiff wishes to pursue alternative theories of liability arising out of the same transactions and occurrences, he must clearly specify which factual allegations apply to each claim against the defendants. Thus, in any amended pleadings, Plaintiff must support his claims with sufficient detail to put defendants on notice of the specific conduct alleged to be unlawful in each claim against them.

## IV. INSTRUCTIONS TO PLAINTIFF

Due to the deficiencies described above, the Court will not direct service of the amended complaint. If Plaintiff wishes to proceed in this action, he must file a second amended complaint not later than May 21, 2025.

The second amended complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct, and shall not arise from separate transactions or occurrences.

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be

an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint or amended complaint by reference. The second amended complaint shall not exceed twenty (20) pages absent leave of Court and upon a showing of good cause. The second amended complaint will act as a complete substitute for Plaintiff's prior pleadings, not as a supplement. This means, while some of Plaintiff's claims in the amended complaint have been sufficiently pled, he must reassert all claims in his second amended complaint that he intends to pursue in this action.

The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. If Plaintiff fails to file a second amended complaint or does not adequately address the issues raised herein by May 21, 2025, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and the Court's prior screening order (Dkt. 4) to Plaintiff.

Dated this 21st day of April, 2025.

David W. Christel
United States Magistrate Judge