UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ARTHUR KIRKHAM,<br><br>               Plaintiff,<br>   v.<br>WHATCOM COUNTY, et al.,<br><br>               Defendants. | CASE NO. 2:25-CV-208-DGE-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: **August 28, 2025** |

This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge David W. Christel. Currently before the Court is Plaintiff's Motion for Immediate Injunction under Fed. R. Civ. P. 65(a). Dkt. 21. The Court recommends Plaintiff's Motion (Dkt. 21) be denied.

               **I.    BACKGROUND**

In the Second Amended Complaint filed on May 23, 2025, Plaintiff alleges he is being denied necessary dental care while confined at Whatcom County Jail ("WCJ" or "the Jail") in violation of the Fourteenth Amendment. Dkt. 7. Plaintiff asserts his Fourteenth Amendment claim against the following entities and individuals: Whatcom County, Donnell Tanksley

REPORT AND RECOMMENDATION - 1

(current Whatcom County sheriff), Wendy Jones (former WCJ chief), Caleb Erickson (current WCJ chief), Breanna Brock (nursing supervisor at WCJ), Dr. Jessica Dubek (a dental provider at WCJ), and DentALL, LLC (a private entity that provides dental care to WCJ inmates) (collectively "Defendants"). *Id.* at 1–12.

The basic facts Plaintiff alleges in support of his claim are that, in October 2023, Defendant Dubek diagnosed Plaintiff with a tooth infection and recommended a root canal or tooth extraction to treat his condition. *Id.* at 3. However, due to an alleged policy limiting the procedures performed at the Jail to tooth extractions (hereinafter referred to as the "extraction-only policy"), Defendant Dubek advised Plaintiff that she could not perform a root canal, instructed him to request that procedure from an outside provider through the Jail, and prescribed him pain medication and antibiotics to treat his condition in the interim. *Id.* at 3–4. According to Plaintiff, his grievances requesting to be sent to an outside provider for a root canal were mishandled and/or ignored by Defendant Brock and others. *Id.* at 4–5.

In December 2023 and again in June 2024, Defendant Dubek reassessed Plaintiff's tooth and concluded a root canal was still a viable treatment option, and, while a tooth extraction was an appropriate alternative, either procedure would need to be performed by an outside provider due to the location and condition of the tooth. *Id.* at 6–7. Plaintiff submitted further requests for a root canal, but no such treatment was arranged by the Jail. *Id.*

Then, in October 2024, Defendant Dubek allegedly changed her treatment recommendation, stating a root canal was no longer a viable treatment option and a tooth extraction was the only appropriate treatment remaining. *Id.* at 8. Plaintiff contends Defendant Dubek changed her recommendation to avoid the higher cost associated with a root canal, even

REPORT AND RECOMMENDATION - 2

though Defendant Dubek allegedly claimed the new recommendation was influenced by a second opinion she requested about Plaintiff's condition. *Id.* at 8–9.

Plaintiff alleges that, to date, his grievances requesting a root canal performed by an outside provider have been ignored, mishandled, and/or denied. *Id.* at 10. He contends the denial and/or delay of this allegedly necessary treatment is a result of (1) Dr. Dubek's alleged failure to ensure Plaintiff received timely treatment and her alleged failure to recommend an appropriate treatment, (2) Defendant Brock's alleged failure to arrange treatment in response to Plaintiff's grievances, (3) the alleged failure of Defendants Tanksley, Jones, and Erickson to ensure WCJ staff arranged treatment in response to Plaintiff's grievances, and (4) the extraction-only policy allegedly retained by either Defendant Whatcom County or Defendant DentALL. *Id.* at 10–11.

As relief, Plaintiff requests compensatory damages and prospective injunctive relief. *Id.* at 11–12. In particular, Plaintiff requests an injunction ordering Defendants to immediately arrange and cover all associated cost for Plaintiff to be seen by an independent dental provider to perform a root canal and follow up care. Dkt. 21 at 6–7.

## II.   DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction

REPORT AND RECOMMENDATION - 3

must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

First, Plaintiff has not shown a likelihood of success on the merits. Plaintiff, a pretrial detainee, complains he is being denied necessary dental care—namely, a root canal on a tooth with recurring infections. Dkt. 7 at 3–10. "Dental care is one of the most important medical needs of inmates." *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). A pretrial detainee's right to adequate dental care arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

With respect to the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (cleaned up). Merely showing a difference of opinion between a prisoner and prison

REPORT AND RECOMMENDATION - 4

medical staff or between medical professionals regarding the proper course of treatment does not satisfy this standard. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). To demonstrate a likelihood of success on the merits in cases involving dueling medical opinions, a plaintiff must demonstrate that only one opinion endorses treatment that is "medically acceptable under the circumstances." *Porretti v. Dzurenda*, 11 F.4th 1037, 1048 (9th Cir. 2021) (affirming grant of preliminary injunction where inmate submitted medical evidence sufficient to discredit the course of treatment endorsed by the prison) (citing *Edmo v. Corizon, Inc.*, 935 F.3d 757, 799 (9th Cir. 2019)).

      Here, Plaintiff has not submitted medical evidence discrediting the alleged course of treatment currently endorsed by Defendant Dubek (a tooth extraction performed by an outside provider), and there is no evidence or allegation showing Plaintiff would be denied such treatment if he were to consent to it. Instead, Plaintiff submits a sworn declaration stating that Defendant Dubek changed her original treatment recommendation for a root canal as a cost-saving measure for the Jail and not because a tooth extraction is the only viable treatment option for Plaintiff's condition. Dkt. 30 at 2–4. But Plaintiff is not a medical professional, and his sworn statements are not competent evidence of matters beyond his personal knowledge such as the viability of a particular dental procedures or the subjective motivations of other persons. *See* Fed. R. Evid. 602 (Need for Personal Knowledge); *see also Mickelsen v. Albertson's, Inc.*, 226 F. Supp. 2d 1238, 1242 (D. Idaho 2002) (declining to consider evidence that was conclusory, speculative, and lacked foundation establishing personal knowledge).

      Plaintiff next states that another dental provider at WCJ—a "Dr. K"—told him a root canal was still a viable treatment option as of January 2025. Dkt. 30 at 4. Plaintiff does submit evidence beyond his own account to substantiate this claim, nor does he submit medical evidence

REPORT AND RECOMMENDATION - 5

demonstrating Dr. K's alleged assessment remains true of his current condition. Without more, Plaintiff's own representations about Dr. K's alleged medical opinion are not enough to discredit the alleged opinion of Defendant Dubek and demonstrate a likelihood of success on the merits. *See*, *e.g.*, *Porretti*, 11 F.4th at 1047–49 (discussing substantial medical evidence submitted by plaintiff to discredit dualling medical opinion); *Edmo*, 935 F.3d at 786–92 (similar).

Plaintiff also submits copies of grievances requesting dental treatment, including requests that he be referred to an outside dental provider to receive a root canal rather than a tooth extraction. Dkt. 7-1; Dkt. 30 at 10. Although Plaintiff may rely on his grievances to show what treatment he requested, from whom, and when, his grievances are not proof of the factual matters asserted therein. *See Saddiq v. Trinity Servs. Grp.,* 198 F. Supp. 3d 1051, 1069 (D. Ariz. 2016), *aff'd sub nom. Saddiq v. Ryan*, 703 F. App'x 570 (9th Cir. 2017) ("[G]rievances are only evidence that an inmate submitted complaints and of what he stated in them; they are not evidence of what actually occurred."). In other words, though Plaintiff has shown that he made various requests for a root canal to treat his tooth, his grievances are not proof that a root canal was and indeed remains the proper course of treatment for his condition. *Id.*

Next, even assuming that a root canal was once a viable and necessary treatment, Plaintiff has not submitted sufficient evidence showing that is true of his current condition. For this reason, Plaintiff has not shown he is likely to suffer irreparable harm in the absence of preliminary injunctive relief directing Defendants to arrange for Plaintiff to receive a root canal from an outside provider. To obtain injunctive relief, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "Speculative injury does not constitute irreparable injury sufficient to warrant granting

REPORT AND RECOMMENDATION - 6

preliminary relief. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (citations and quotations omitted; emphasis in original).

Plaintiff alleges, but does not submit sufficient evidence showing, that a root canal is a medically necessary treatment for his tooth and that, in the absence of this treatment, he will suffer irreparable harm such as bone loss. Dkt. 7 at 10. Although Plaintiff submits a sworn declaration to similar effect, he is not a dental professional capable of testifying about propriety of certain treatments or the medical consequences from lack of treatment, nor does he submit dental records, provider notes, or other medical evidence to substantiate his allegations. *See* Dkt. 30 at 4–6. Moreover, Plaintiff alleges that he received antibiotics and pain medication to treat his initial infection, that he received at least three follow-up appointments for his tooth, and that he has—with some intermittent delays—continued to receive over-the-counter medication to address his pain. *See* Dkt. 7 at 3–10; *see also* Dkt. 30. Although Plaintiff disputes the adequacy of this treatment to address his condition long-term, the fact he has and continues to receive some responsive treatment undermines his contention that he faces a threat of imminent harm in absence of injunctive relief. *See Murray v. Deeds*, 852 F.2d 572 (9th Cir. 1988) (affirming denial of preliminary injunction where evidence showed inmate "had received continuous medical treatment and attention"). In short, the record lacks sufficient evidence to show Plaintiff is experiencing a medical situation to the severity he alleges. As such, Plaintiff has failed to demonstrate he is likely to suffer immediate harm in the absence of preliminary injunctive relief.

As Plaintiff has failed to demonstrate he is likely to succeed on the merits or that he will suffer irreparable harm if an injunction is not issued, the Court concludes a preliminary

REPORT AND RECOMMENDATION - 7

injunction is not warranted at this time. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (finding the court need not address the remaining elements of the preliminary injunction standard after determining the plaintiff had not shown he was likely to suffer irreparable harm in the absence of preliminary relief).

### III. CONCLUSION

For the reasons set forth above, the Court recommends Plaintiff's Motion for Immediate Injunction under Fed. R. Civ. P. 65(a) (Dkt. 21) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 28, 2025**.

Dated this 13th day of August, 2025.

David W. Christel
United States Magistrate Judge