1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ARTHUR KIRKHAM,<br><br>              Plaintiff,<br>    v.<br><br>WHATCOM COUNTY et al.,<br><br>              Defendants. | CASE NO. 2:25-cv-00208-DGE-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 32) |

**I    INTRODUCTION**

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Magistrate Judge David W. Christel (Dkt. No. 32), and Plaintiff Richard Arthur Kirkham's objections to the R&R (Dkt. No. 39).

**II    BACKGROUND**

Plaintiff filed a pro se prisoner civil rights action under 42 U.S.C. § 1983 for inadequate medical care. (Dkt. No. 7.) Plaintiff alleges while he was an inmate at Whatcom County Jail, he had severe tooth pain and scheduled a visit with Dubek, a Dentall dentist associated with the jail.

(*Id*. at 3.) On October 12, 2023, Dubek told Plaintiff she could not perform a root canal per Whatcom County policy, but she could extract the tooth and/or provide pain relievers. (*Id*. at 3–4.) Plaintiff then contacted Brock, a nursing supervisor at the jail, to request to be scheduled for a root canal. (*Id*. at 4.) After over a year of waiting and attempting multiple avenues to receive the desired care, Plaintiff still has not been scheduled for a root canal. (*Id*. at 5–9.)

Plaintiff brings suit against seven Defendants: Whatcom County and Dentall for their policies of denying necessary dental care; Tanksley, Jones and Erickson for failing to take action to provide Plaintiff necessary dental care; and Dubek and Brock for intentionally coordinating efforts to deny Plaintiff necessary dental care. (*Id*. at 10–11.) Plaintiff further alleges Dubek "knowingly changed and falsified her own prognoses to avoid providing the Plaintiff with necessary dental care." (*Id*. at 12.) Plaintiff requested, among other forms of relief, a preliminary injunction to be transported for a root canal. (*Id*.) Judge Christel recommended this Court deny this motion for preliminary injunction. (Dkt. No. 32.)[1]

After the R&R was issued, Plaintiff filed two supplemental declarations; one in response to a motion to dismiss (Dkt. No. 27) and the other in support of Plaintiff's motion for summary judgment (Dkt. No. 35). (*See* Dkt. Nos. 36, 37.) Plaintiff relies significantly on these supplemental declarations to support his objections to the R&R and his request for immediate injunctive relief. However, because these declarations were filed *after* the R&R was issued, they were not part of the record Judge Christel considered at the time he issued the R&R.

---

[1] Plaintiff asserts Judge Christel "minimize[d] and misconstrue[d]" Plaintiff's factual allegations. (Dkt. No. 39 at 2.) Plaintiff, however, failed to identify specific facts supporting this assertion. Judge Christel's factual background is therefore adopted in full. *See M.L. v. craigslist Inc.*, NO. C19-6153 BHS-TLF, 2020 WL 5494903, at * 6 (W.D. Wash. Sept. 11, 2020) (requiring specificity in objections); *Boyd v. Carney*, NO. C11-5782BHS, 2012 WL 4896935, at *1 (W.D. Wash. Oct. 15, 2012) (same).

The supplemental declarations identify that Plaintiff recently began to feel more pain in his tooth and that he believes it may be suffering from a new infection. (Dkt. No. 36 at 4.) Plaintiff was seen on August 13, 2025 by Dubek and another dentist or dental assistant. (Dkt. 37 at 1–2.) Plaintiff asserts Dubek acknowledged and "confirmed" an "extraction is not medically necessary or appropriate" based on his interpretation of Dubek's comments made during his visit on August 13, 2025. (*Id*. at 2–3.)

### III    DISCUSSION

#### A. Standard of Review

The Court must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

#### B. Analysis

Plaintiff seeks a preliminary injunction under Federal Rule of Civil Procedure 65(a). (Dkt. No. 21.) To be granted a preliminary injunction, Plaintiff must show that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit allows for a sliding-scale approach to preliminary injunctions where "serious questions" about the merits and the balance of hardships "tip[ping] sharply" in favor of Plaintiff is sufficient. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Injunctions requested by prisoners must extend "no further than necessary to correct the violation of a Federal right" and

1   must be "the least intrusive means necessary to correct the violation of the Federal right."  18
2   U.S.C. § 3626(a)(1)(A).

3         Judge Christel first concluded that Plaintiff did not show a likelihood of success on the
4   merits.  (Dkt. No. 32 at 4.)  The Ninth Circuit requires Plaintiff to show Defendants did not take
5   "reasonable available measure to abate" a "substantial risk" of Plaintiff "suffering serious harm."
6   *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  Defendants will be found to
7   have taken reasonably available measures if they show their treatment is at least one of multiple
8   approaches "medically acceptable under the circumstances."  *Poretti v. Dzurenda*, 11 F.4th 1037,
9   1048 (9th Cir. 2021); *see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  A non-
10  medical expert's statement will be insufficient to prove the non-viability of a medical expert's
11  recommended treatment.  "A difference of opinion between a prisoner-patient and prison
12  medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v. State*
13  *of Or., State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981).

14        Judge Christel held Plaintiff failed to show expert testimony entirely disclaiming the view
15  of Dubek.  (Dkt. No. 32 at 5.)  Dubek repeatedly stated while a root canal would be an
16  appropriate option, an extraction also could be performed because the jail "does not perform root
17  canals."  (Dkt. No. 7 at 3.)  Dubek also at one point stated that a root canal would not be
18  possible.  (*Id*. at 8.)  Plaintiff provided personal testimony that he did not want an extraction and
19  that a second dentist, Dr. K, informed him that he was still eligible for a root canal.  (*Id*. at 9.)
20  Even accepting Plaintiff's description of Dr. K's statements as true, Plaintiff provides no
21  evidence that an extraction is not also a viable option.  Likewise, Plaintiff's supplemental
22  declarations wherein Plaintiff offers his interpretation of Dubek's comments made on August 13,
23  2025 are insufficient to establish an extraction is not a viable option.  Dubek's statement that her
24

"contract does not provide for performing" a root canal in the jail (Dkt. No. 37 at 3), does not establish an extraction is medically inappropriate.

Plaintiff also objects that the purpose of a preliminary injunction is to protect the status quo and, therefore, the root canal is necessary to prevent a change where Plaintiff's tooth can no longer be treated by a root canal. (Dkt. No. 39 at 3.) For the reasons previously stated, however, Plaintiff fails to show an extraction would not be alternative, acceptable treatment for his infected tooth. Plaintiff therefore fails to show a likelihood of success on the merits.

Judge Christel further concluded Plaintiff did not show a sufficient likelihood of an irreparable injury. (Dkt. No. 32 at 6.) An individual seeking injunctive relief must show a "concrete and particularized" threat of injury. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Judge Christel found Plaintiff failed to provide any expert testimony that he requires an immediate root canal and thus failed to show irreparable injury. Plaintiff's supplemental declarations provide no expert testimony, only Plaintiff's interpretation of what he believes Dubek's opinions are as of August 13, 2025.

Plaintiff makes eleven arguments in his objection. Plaintiff's first objection alleges irreparable injury if the root canal is not performed. (Dkt. No. 39 at 3.) Plaintiff cites only his own beliefs about the relative merits of extractions and root canals. (Dkt. No. 36 at 3.) Plaintiff's recounting of Dr. Dubek's advice about the "trade-off" between maintaining the infected tooth and performing an extraction is insufficient to show a root canal is necessary to avoid irreparable injury. (Dkt. No. 37 at 3.) A preference for a root canal over an extraction is insufficient to create irreparable injury. *See Caballero v. Aranas*, No. 3:19-cv-00079-MMD-WGC, 2021 WL 168522, at *3 (D. Nev. Jan. 19, 2021); *Fowler v. Sisolak*, No. 2:19-cv-01418-APG-DJA, 2020 WL 7495430, at *5 (D. Nev. Dec. 18, 2020). Plaintiff's second, third, and

fourth objections are general objections. (Dkt. No. 39 at 3.) Plaintiff's fifth and eighth objections relate to his burden of proof and allege his failure to provide medical evidence is "entirely due" to Defendants' "refusals to acknowledge and fulfill his requests for those records." (*Id*. at 3–4.) Judge Christel properly applied the legal standard for preliminary injunctions. Any discovery dispute must be litigated in a separate motion or claim. It is not proper for the Court to consider it here. Plaintiff's sixth and seventh objections are irrelevant because the dispute is not whether a root canal is a proper treatment, but whether an extraction is also a proper treatment. (*Id*. at 4.) Plaintiff's ninth objection misreads the R&R. Judge Christel does not state that any care would be sufficient. Rather, he states that the care Plaintiff received, combined with Plaintiff's lack of expert testimony showing a root canal as opposed to an extraction is immediately necessary, undermines Plaintiff's claim of irreparable injury. (Dkt. No. 32 at 7.) Plaintiff's tenth objection also misreads the R&R. While Judge Christel ruled against the Plaintiff on his motion for a preliminary injunction, he did not "completely take[] the side of Defendants." (Dkt. No. 39 at 5.) Finally, Judge Christel and this Court have both fully reviewed the record and applied the law as it stands. General objections Judge Christel was biased or did not review the record fully are unpersuasive. (*Id*.) Accordingly, the Court agrees with Judge Christel's conclusion: Plaintiff's motion for preliminary injunction should be denied.

## IV    CONCLUSION

Having reviewed the Report and Recommendation, all objections and responses, and the remaining record *de novo*, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation (Dkt. No. 32.)

(2) Plaintiff's motion for a preliminary injunction (Dkt. No. 21) is DENIED.

(3) The Clerk shall provide Plaintiff a copy of this Order.

Dated this 8th day of September, 2025.

David G. Estudillo
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 32) - 7