UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

                Plaintiff,

    v.

WHATCOM COUNTY, et al.,

                Defendants.

CASE NO. 2:25-CV-208-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: September 24, 2025

This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge David W. Christel. Before the Court is the Motion to Dismiss filed by Defendants Whatcom County, Donnell Tanksley, Wendy Jones, Caleb Erickson, and Breanna Brock (collectively, "County Defendants"). Dkt. 27. Plaintiff filed a response in opposition to the Motion. Dkt. 34. County Defendants have not filed a reply in support, and the deadline to do so has expired. *See docket*; *see also* Local Rules W.D. Wash, LCR 7(d).

Upon review, the Court recommends County Defendants' Motion to Dismiss be denied.[1]

---

[1] The Court notes that Plaintiff has moved for a preliminary injunction and, currently pending in this action, are a Report and Recommendation to deny a preliminary injunction and Plaintiff's objections thereto. Dkt.32, 39. As County Defendants' Motion to Dismiss concerns only the sufficiency of Plaintiff's factual allegations and does not require review of additional evidence submitted in connection with his request for a preliminary injunction, the

REPORT AND RECOMMENDATION - 1

# I. BACKGROUND

In the Second Amended Complaint, Plaintiff alleges that, beginning in October 2023, he has been denied access to necessary dental care at Whatcom County Jail ("WCJ" or "the Jail") in violation of the Fourteenth Amendment. Dkt. 7. Plaintiff asserts his § 1983 claim against County Defendants, Dr. Jessica Dubek (a dental provider at WCJ), and DentALL, LLC (a private entity that provides dental care to WCJ inmates). *Id.* at 1–12. Defendants Erickson, Dubek and Brock are sued in their both official and individual capacities, and Defendants Jones and Tanksley are sued only in their official capacities. *Id.* at 1–3.

The basic facts Plaintiff alleges in support of his claim are that, in October 2023, Defendant Dubek diagnosed Plaintiff with a tooth infection and recommended a root canal to treat his condition at that time. *Id.* at 3. However, due to an alleged policy limiting the procedures performed at the Jail to tooth extractions (hereinafter referred to as the "extraction-only policy"), Defendant Dubek advised Plaintiff that she could not perform a root canal, instructed him to request that procedure from an outside provider through the Jail, and prescribed him pain medication and antibiotics to treat his condition in the interim. *Id.* at 3–4. Defendant Dubek also advised that Plaintiff's tooth could be extracted. *Id.* at 3. Plaintiff alleges that he submitted inmate grievances and appeals requesting to be sent to an outside provider for a root canal, but his requests were mishandled and/or ignored by Defendants Brock, Jones, and Erickson. *Id.* at 4–5.

In December 2023 and again in June 2024, Defendant Dubek reassessed Plaintiff's tooth and concluded a root canal was still a viable treatment option at that time, and, while a tooth extraction remained an available alternative, either procedure would need to be performed by an

---

Court finds it unnecessary to delay consideration of the Motion to Dismiss until after the aforementioned pending matters are resolved.

REPORT AND RECOMMENDATION - 2

1    outside provider due to the location and condition of the tooth. *Id.* at 6–7. Plaintiff submitted

2    further requests for a root canal, but no such treatment was arranged. *Id.*

3        Then, in October 2024, Defendant Dubek allegedly changed her treatment

4    recommendation "without any new evidence or examination," stating a root canal was no longer

5    a viable treatment and a tooth extraction was the only option remaining. *Id.* at 8. However, at the

6    most recent dental examination identified in the Second Amended Complaint,[2] Plaintiff alleges

7    he was seen by a new dental provider at WCJ—a "Dr. K"—in January 2025, who allegedly

8    concluded that a root canal was still a viable treatment option at that time. *Id.*

9        Plaintiff alleges that, to date, his continued grievances requesting a root canal performed

10    by an outside provider have been ignored, mishandled, and/or denied. *Id.* at 10. Plaintiff

11    contends the denial and/or delay of this allegedly necessary treatment is a result of (1) the

12    extraction-only policy allegedly retained by either Defendant Whatcom County or Defendant

13    DentALL (2) Defendant Brock's alleged failure to arrange necessary treatment in response to

14    Plaintiff's grievances, (3) the alleged failure of Defendants Tanksley, Jones, and Erickson to

15    ensure WCJ staff arranged treatment in response to Plaintiff's continued grievances, and (4) Dr.

16    Dubek's alleged failure to ensure Plaintiff received timely treatment and her alleged failure to

17    recommend medical acceptable treatment after October 2024. *Id.* at 10–11. Plaintiff requests

18    both compensatory damages and prospective injunctive relief. *Id.* at 11–12.

---

[2] The Court notes that Plaintiff has recently submitted materials regarding another dental examination occurring in August 2025. Dkt. 37. However, the August 2025 examination is not identified in the Second Amended Complaint it will not be considered for the purposes of the Motion to Dismiss.

REPORT AND RECOMMENDATION - 3

## II.  STANDARD OF REVIEW

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

REPORT AND RECOMMENDATION - 4

### III. DISCUSSION

In their Motion to Dismiss, County Defendants argue Plaintiff's § 1983 claim should be dismissed (A) because Plaintiff has failed plausibly allege a violation of his constitutional rights and (B) because County Defendants are entitled to qualified immunity. Dkt. 27.

**A.    Failure to State a § 1983 Claim**

County Defendants argue that Plaintiff does not plausibly allege a violation of his constitutional rights and, as a result, he has failed to state a § 1983 claim against them. In so arguing, however, County Defendants do not apply the correct legal standard for adequate medical care claims by pretrial detainees and disregard many of the factual allegations in the Second Amended Complaint. Dkt. 27. Specifically, County Defendants contend that Plaintiff has failed to plausibly allege a Fourteenth Amendment violation (1) because he has not shown that County Defendants acted purposefully and with conscious disregard for his health and (2) because Plaintiff's claim is based solely on a difference in medical opinion. *Id* at 3–6.

With regard to their first argument, County Defendants acknowledge a pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment, not the Eighth Amendment. *See Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 924 n.2 (9th Cir. 2017) ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees."). But, County Defendants fail to acknowledge the applicable Ninth Circuit law for such claims and instead cite to and rely on the Eighth Amendment standard. Particularly, County Defendants argue that Plaintiff is required to show that they were "subjectively aware" of the risks to his health and failed to prevent the resulting harm. *Id.* at 4 (citing *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (addressing Eighth Amendment claim by convicted prisoner)). But a pretrial detainee is not required to demonstrate subjective awareness to allege a violation of their right to adequate medical care.

REPORT AND RECOMMENDATION - 5

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Such claims "must be evaluated under an objective deliberate indifference standard," which requires "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070–71 (9th Cir. 2016)). As County Defendants seek dismissal of Plaintiff's claim under an incorrect legal standard, their first argument fails.

Regarding County Defendants' next argument, the Court recognizes mere differences of opinion between a plaintiff and medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). However, the allegations here are distinguishable from cases where a plaintiff has merely disagreed with course of treatment prescribed or where medical professionals have endorsed different but acceptable treatment plans.

In the Second Amended Complaint, Plaintiff alleges he agreed with the original course of treatment prescribed by Defendant Dubek—a root canal—but his access to that treatment was delayed, in part, because of a policy limiting the treatment that could be performed at WCJ to tooth extractions. Dkt. 7 at 3–7. Plaintiff alleges that, from October 2023 until September 2024, he continuously requested a root canal performed by an outside provider, but asserts his grievances and appeals were denied, ignored, and/or mishandled by Defendants Brock, Jones, and Erickson and no such treatment was arranged. *Id.* There is no allegation this initial 11-month delay resulted from a difference of opinion regarding the appropriate treatment for Plaintiff's condition.

The first difference of opinion alleged in the Second Amended Complaint arose approximately one year after Defendant Dubek's initial treatment recommendation. Plaintiff alleges that, in October 2024, Defendant Dubek changed her official treatment recommendation, stating a root canal was no longer possible and a tooth extraction was the only option remaining.

REPORT AND RECOMMENDATION - 6

*Id.* at 8. Plaintiff alleges that he did not agree with the recommendation for an extraction, but his claim does not rest solely on his disagreement. Rather, viewing the Second Amended Complaint in the light most favorable to him, Plaintiff has plausibly alleged that Defendant Dubek's recommendation for an extraction was not medically necessary under the circumstances. This distinguishes the allegations in this case from cases only involving the denial of a plaintiff's preferred course of treatment. *Toguchi*, 391 F.3d at 1058 (a mere "difference of medical opinion…[is] insufficient, as a matter of law, to establish deliberate indifference," but not if the "chosen course of treatment was medically unacceptable under the circumstances").

Explained further, Plaintiff contends that Defendant Dubek revised her original recommendation for a root canal as a cost-saving measure for the Jail and not in response to any changes to Plaintiff's medical condition. Dkt. 7 at 7–9. To support this contention, Plaintiff alleges that Defendant Dubek changed her treatment recommendation "without any new evidence or examination." *Id.* at 8. While Plaintiff also alleges Defendant Dubek claimed to change her recommendation based on a consultation with an outside provider, this allegation is not alone sufficient to defeat his claim at the pleading stage. Moreover, Plaintiff alleges that several months after Defendant Dubek stated that a root canal was no longer possible, another dental provider at WCJ performed a new examination of Plaintiff's tooth, obtained new x-rays, and concluded that a root canal remained a viable treatment option. *Id.* at 9.

County Defendants argue Plaintiff has not submitted evidence to substantiate his allegations, particularly those concerning Dr. K's opinion. Dkt. 27 at 5. However, to survive a motion to dismiss, Plaintiff is not required to submit evidence in support of his claim; rather, Plaintiff need only "plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (citations and quotations omitted).

In short, Plaintiff has done more than allege a difference of medical opinion and that he was simply denied his preferred course of treatment. Rather, based on the allegations in the Second Amended Complaint, Plaintiff has plausibly alleged his access to necessary dental treatment was denied and/or delayed because of an alleged extraction-only policy, mishandled grievances, and other circumstances. For these reasons, County Defendants' assertions this action must be dismissed because Plaintiff has not stated a § 1983 claim fail.

**B.     Qualified Immunity**

County Defendants also assert Plaintiff's claim must be dismissed because they are entitled to qualified immunity. To begin, qualified immunity is a defense to liability only for those sued in their individual capacities under § 1983. Thus, even if successful, County Defendants' qualified immunity argument would not support dismissal of Plaintiff's claim against all County Defendants and, instead, only those sued in their individual capacities.

Further, when defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), "'dismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). Although a defendant is entitled to raise qualified immunity in a motion to dismiss, generally speaking, it is better addressed in the context of a motion for summary judgment. *See Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2004) (noting it is difficult for courts to decide qualified immunity at the motion to dismiss stage because it forces the Court to decide "far-reaching constitution questions on a nonexistent factual record," and suggesting the issue is better left for summary judgment). Thus, if the Court determines dismissal is not appropriate, the Court may deny a qualified immunity defense without prejudice and allow a defendant to re-raise the defense after further

REPORT AND RECOMMENDATION - 8

factual development at summary judgment or trial. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999).

Because County Defendants have failed to demonstrate that dismissal of the Second Amended Complaint is appropriate, the Court recommends denying their qualified immunity defense without prejudice and allowing the County Defendants to re-raise it after further development of the record. Accordingly, the Court recommends denying the County Defendants' request to dismiss the Second Amended Complaint under a theory of qualified immunity.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends County Defendants' Motion to Dismiss (Dkt. 27) be denied. Additionally, County Defendants' qualified immunity defense should be denied without prejudice and with the ability to re-raise the defense at a later stage.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 24, 2025**.

Dated this 9th day of September, 2025.

David W. Christel
United States Magistrate Judge