UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

          Plaintiff,

    v.

WHATCOM COUNTY, et al.,

          Defendants.

CASE NO. 2:25-CV-208-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: October 6, 2025

This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge David W. Christel. Currently before the Court is Plaintiff's Motion for Summary Judgment. Dkt. 35. For the reasons set forth below, the Court recommends Plaintiff's Motion (Dkt. 35) be denied.

## I.   BACKGROUND

Plaintiff alleges he has been denied necessary dental care while confined at Whatcom County Jail ("WCJ") in violation of the Fourteenth Amendment. Dkt. 7. Plaintiff asserts his Fourteenth Amendment claim against the following defendants: Whatcom County, Donnell Tanksley (current Whatcom County sheriff), Wendy Jones (former WCJ chief), Caleb Erickson (current WCJ chief), Breanna Brock (nursing supervisor at WCJ), Dr. Jessica Dubek (a dental

provider at WCJ), and DentALL, LLC (a private entity that provides dental care to WCJ inmates) (collectively "Defendants"). *Id.* at 1–12.

In his Motion, Plaintiff argues there is no question of fact regarding the Defendants' liability on his claims or his entitlement to the monetary and injunctive relief requested in his second amended complaint. Dkt. 35. Defendants Whatcom County, Tanksley. Jones, Erickson, and Brock filed a timely response to Plaintiff's Motion. Dkt. 41. The Court has not received a response from Defendants Dubek and DentALL, and the response deadline expired on September 8, 2025. *See* Dkt. 38 (advising parties of the briefing schedule for Plaintiff's motion under local rules). The Court has not received a timely reply from Plaintiff. *See docket*.

## II.   STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The inquiry for whether a genuine issue of material fact exists is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

As the party moving for summary judgment, Plaintiff has the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). Once the movant has met his burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. In determining whether an issue of material fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 248–50; *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

Even if unopposed, a motion for summary judgment may not be granted automatically. The Court must still determine whether the moving party has met its burden of showing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Heinemann v. Satterberg*, 731 F.3d 914, 916–18 (9th Cir. 2013); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) ("Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial. The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition.").

1

### III.  DISCUSSION

2      Plaintiff has not met his burden of demonstrating there exists no genuine issue of material

3  fact in this case and that he is entitled to judgment as a matter of law. Plaintiff complains he has

4  been denied necessary dental care during his pretrial detention at WCJ—namely, a root canal on

5  a tooth with recurring infections. Dkt. 7 at 3–10. "Dental care is one of the most important

6  medical needs of inmates." *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). A pretrial

7  detainee's right to adequate dental care arises under the due process clause of the Fourteenth

8  Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of

9  such a claim are: (1) "the defendant made an intentional decision with respect to the conditions

10 under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk

11 of suffering serious harm"; (3) "the defendant did not take reasonable available measures to

12 abate that risk, even though a reasonable official in the circumstances would have appreciated

13 the high degree of risk involved—making the consequences of the defendant's conduct obvious";

14 and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

15     With respect to the third element, "the defendant's conduct must be objectively

16 unreasonable, a test that will necessarily turn on the facts and circumstances of each particular

17 case." *Id.* (cleaned up). Merely showing a difference of opinion between a prisoner and prison

18 medical staff or between medical professionals regarding the proper course of treatment does not

19 satisfy this standard. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Instead, a plaintiff

20 must demonstrate they were denied treatment that was "medically acceptable under the

21 circumstances." *Porretti v. Dzurenda*, 11 F.4th 1037, 1048 (9th Cir. 2021) (citing *Edmo v.

22 Corizon, Inc*., 935 F.3d 757, 799 (9th Cir. 2019)). The determination of whether a given

23 treatment is medically acceptable under the circumstances is heavily fact-bound, particularly in

24

cases involving differing medical opinions. *See*, *e.g.*, *Porretti*, 11 F.4th at 1047–49; *Edmo*, 935 F.3d at 786–92.

As evidence, Plaintiff submits his second amended complaint, which is signed under penalty of perjury, and several sworn declarations detailing his experience in seeking dental treatment at WCJ from October 2023 until present. Dkt. 7 (second amended complaint); Dkt. 30 (declaration signed July 28, 2025); Dkt. 36 (declaration signed August 12, 2025); Dkt. 37 (declaration signed August 14, 2025). In these materials, Plaintiff describes his dental symptoms, his efforts at obtaining treatment, his appointments with WCJ dental providers, his understanding of the treatment recommended by those providers, and what dental treatment has been offered, provided, denied, and/or delayed by Defendants. *See* Dkt. 7; Dkt. 30; Dkt. 36; Dkt. 37. Plaintiff also submits copies of his grievances requesting dental treatment and responses to some of those grievances. Dkt. 7-1; Dkt. 30 at 10; Dkt. 36 at 7. This evidence does not show the issues in this case are so one-sided that, rather than requiring presentation to a jury or further factual development through discovery, Plaintiff is entitled to judgment as a matter of law. *See Anderson*, 477 U.S. at 251–52.

Plaintiff has failed to demonstrate, at this early stage, there exists no genuine dispute of material fact on all essential elements of his claim. Plaintiff has not shown it is without dispute that Defendants acted intentionally with respect to the delay in dental treatment about which he complains. *Gordon*¸ 888 F.3d at 1125. He has not shown it is undisputed that Defendants failed to take reasonable measures to abate the alleged risk of harm to Plaintiff's health or that reasonable officials in their shoes would have appreciated a high degree of risk involved in not acting as Plaintiff alleges they should. *Id.*

In his pleading and sworn declarations, Plaintiff contends Defendants were aware of his condition, of the required treatment, and of the risks associated with denying and/or delaying that

treatment. Dkt. 7; Dkt. 30; Dkt. 36; Dkt. 37. But Plaintiff is not a dental professional, and his sworn statements are not competent evidence of matters beyond his personal knowledge such as the propriety of certain treatments or the medical consequences from lack of treatment. *See* Fed. R. Evid. 602 (Need for Personal Knowledge); *see also Mickelsen v. Albertson's, Inc.*, 226 F. Supp. 2d 1238, 1242 (D. Idaho 2002) (declining to consider evidence that was conclusory, speculative, and lacked foundation establishing personal knowledge). And, although Plaintiff may rely on his grievances to show what treatment he requested, from whom, and when, his grievances are not proof of the factual matters asserted therein (*i.e.*, that a root canal is the proper course of treatment for his condition). *See Saddiq v. Trinity Servs. Grp.,* 198 F. Supp. 3d 1051, 1069 (D. Ariz. 2016), *aff'd sub nom. Saddiq v. Ryan*, 703 F. App'x 570 (9th Cir. 2017) ("[G]rievances are only evidence that an inmate submitted complaints and of what he stated in them; they are not evidence of what actually occurred.").

Plaintiff does not submit dental records, provider notes, or other competent medical evidence to substantiate his claim he requires a root canal and, under the circumstances, Defendants have acted unreasonably in denying and/or delaying his access to that treatment.[1] Furthermore, Plaintiff alleges he has received antibiotics and over-the-counter pain medication to treat his condition, that he received at least four follow-up appointments for his tooth, and that he has been offered a tooth extraction as an alternative to a root canal. *See* Dkt. 7 at 3–10; *see also* Dkt. 30; Dkt. 36; Dkt. 37. Plaintiff disagrees the treatment provided and offered to him by

---

[1] Plaintiff contends he has experienced difficulty litigating this case and obtaining discovery of certain materials from Defendants. Dkt. 36 at 3–4, 8; *see also* Dkt. 30. These contentions are not grounds for summary judgment and the Court does not construe them as a request to compel discovery or for assistance from court-appointed counsel, which must be presented in separate motions and at the appropriate stage of the case. Dkt. 40 at 6 (holding the same with regard to similar contentions made in Plaintiff's objections). Further, as the Court has not yet entered a scheduling order establishing deadlines for the parties to engage in discovery and file discovery motions, any requests for court-intervention in discovery are premature.

Defendants is medically acceptable under the alleged circumstances in this case. *See* Dkt. 35. However, whether or not this treatment is medically acceptable and whether reasonable officials would appreciate the risks in failing to offer or provide acceptable treatment are not issues capable of resolution on the evidence Plaintiff has presented to the Court.

As Plaintiff has not produced sufficient evidence demonstrating no genuine issue of material fact exists in this case, the Court concludes he is not entitled to summary judgment at this time.

## IV.   CONCLUSION

For the reasons set forth above, the Court recommends Plaintiff's Motion for Summary Judgment (Dkt. 35) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 6, 2025**.

Dated this 19th day of September, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7