UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

                Plaintiff,

    v.

WHATCOM COUNTY, et al.,

                Defendants.

CASE NO. 2:25-CV-208-DGE-DWC

ORDER ON MOTIONS TO COMPEL
AND FOR A MORE DEFINITE
STATEMENT

This *pro se* prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Currently before the Court are two motions filed by Plaintiff Richard Arthur Kirkham. In his first motion, Plaintiff seeks to compel discovery from Defendants Jessica Dubek and DentALL, LLC (hereinafter "DentALL Defendants"). Dkt. 53. Plaintiff's second motion requests a "more definite" answer and responses to requests for information from Defendants Whatcom County, Donnell Tanksley, Wendy Jones, Caleb Erickson, and Breanna Brock (hereinafter "County Defendants"). Dkt. 52.

Upon review, Plaintiff's motion to compel discovery (Dkt. 53) and his motion for more definite answer and responses (Dkt. 52) are denied.

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 1

## I.    Background

Plaintiff initiated this action on January 28, 2025, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. After providing Plaintiff opportunities to cure the deficiencies in his pleadings through amendment, the Court ordered service of Plaintiff's second amended complaint upon all defendants on June 2, 2025. Dkt. 11.

County Defendants filed a motion to dismiss the second amended complaint, which the Court denied on September 29, 2025. Dkt. 44. Then, on October 13, 2025, County Defendants filed a timely answer. Dkt. 46. DentALL Defendants separately answered the second amended complaint. Dkt. 51. On October 14, 2025, the Court entered a pretrial scheduling order requiring that discovery be completed by March 13, 2026, that all discovery motions be filed by February 20, 2026, and that dispositive motions be filed by April 13, 2026. Dkt. 47.

On February 2, 2026, Plaintiff filed two discovery-related motions with the Court. Dkts. 52, 53. Both motions, which were filed manually via the United States Postal Service, are signed and dated by Plaintiff on January 26, 2026. Dkt. 52 at 9; Dkt. 53 at 4. The defendants filed timely responses in opposition to the motions on February 17, 2026. Dkts. 55, 56. The deadline for Plaintiff to file replies in support of his motions elapsed on February 23, 2026, with no replies received from him. *See docket*.

## II.    Motion to Compel Discovery from DentALL Defendants (Dkt. 53)

Plaintiff's first motion seeks to compel DentALL Defendants' responses to written discovery. Dkt. 53 at 1–3. Plaintiff represents that he served DentALL Defendants with requests for production, requests for admission, and a series of interrogatories on October 30, 2025. Dkt. 53 at 3; *see also* Dkt. 48 (certificate of service). Plaintiff acknowledges receiving responses to the requests for admission on November 19, 2025, but asserts that he did not receive responses to the requests for production or to the interrogatories. Dkt. 53 at 2. Plaintiff further states that,

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 2

communicating through his purported power of attorney, Jay Solomon, he attempted to meet and confer with DentALL Defendants regarding the outstanding discovery. *Id.* at 2–3. Plaintiff states he received no responses from DentALL Defendants or their attorneys of record, and he therefore seeks an order compelling discovery. *Id.*

In response, DentALL Defendants submit a declaration from defense counsel, Attorney John C. Versnel, III, stating that Plaintiff was provided with DentALL Defendants' responses to his requests for production and interrogatories on January 27, 2026, which is the day after Plaintiff signed and dated his motion to compel. Dkt. 57. With the submission of these responses, DentALL Defendants allege that no discovery remains outstanding and argue that Plaintiff's motion should be denied. Dkt. 55. DentALL Defendants further contend they are not required to conduct discovery or litigate this matter through Mr. Solomon, who is not licensed to practice law. *Id.*

**A.      Legal standard**

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1).

As a threshold matter, motions to compel discovery must include a certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Local Rules W.D. Wash, LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the discovery dispute. *Id.*

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 3

A party may obtain discovery regarding any nonprivileged information that is relevant to any party's claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). When seeking a court order compelling discovery, it is incumbent upon the moving party to sufficiently identify the information they seek to compel; without a sufficient showing by the movant, the Court is unable to fulfill its "independent obligation" to review the discovery requests for specificity and frivolousness before granting a motion to compel. *Ivins v. Corr. Corp. of Am.*, 291 F.R.D. 517, 520 (D. Mont. 2013).

In addition, "the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citations and quotations omitted). The Court has broad discretion to determine relevance. *Id.* To determine whether a discovery request is proportional to the needs of the case, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Once the party seeking discovery has established the relevance of their requests, the burden shifts to the party resisting discovery to show the request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Bryant*, 2009 WL 1390794, at *1 ("[T]he party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections.").

Ultimately, the Court's discretion to permit or deny discovery is substantial. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[A district court's] decision to deny discovery

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 4

will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant."). The Court may deny or limit the production of otherwise discoverable materials if it determines: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

**B.      Discussion**

Upon review of the parties' submissions, the Court finds that Plaintiff is not entitled to an order compelling discovery at this time. Although DentALL Defendants did not serve Plaintiff with discovery responses within the deadlines provided in the Federal Rules of Civil Procedure,[1] their untimely responses do not warrant an order compelling discovery on the current record.

This is, in part, because Plaintiff has not identified what he seeks to compel with sufficient detail for the Court to discern whether the discovery requests directed to DentALL Defendants are nonfrivolous and seek specific, discoverable information. Plaintiff may not obtain an order compelling any defendant to provide discovery unless and until he demonstrates his discovery requests are specific, nonfrivolous, and seek discoverable information relevant to these proceedings. *See Ivins*, 291 F.R.D. at 520; *Bryant*, 2009 WL 1390794, at *1. This motion, which makes a general request to compel responses to Plaintiff's requests for production and

---

[1] Absent stipulation or court order to the contrary, interrogatory responses and any objections must be served within thirty days of service, Fed. R. Civ. P. 33(b)(2), and written responses to requests for production must likewise be served within thirty days, Fed. R. Civ. P. 34(b)(2)(A). By providing discovery responses approximately 89 days after Plaintiff's requests were served, DentALL Defendants did not respond within the required deadlines.

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 5

interrogatories without attaching or identifying the specific items at issue, does not satisfy that standard.

Furthermore, the Court finds that the parties did not exhaust informal methods of resolving their discovery disputes before Plaintiff filed his motion. The Court recognizes that Plaintiff may have attempted to satisfy the meet-and-confer requirement contained in the Federal Rules of Civil Procedure and this Court's Local Rules by communicating through Mr. Solomon. However, if Plaintiff is unable to engage in discovery or litigate this case *pro se*, the appropriate course is to obtain counsel. He may not rely on the assistance of non-attorneys who are unauthorized to practice law. For their part, DentALL Defendants and their counsel are reminded of their obligations to engage in discovery in good faith and advised that, given his *pro se* status, a good faith effort may require that additional time for review and liberal construction be afforded to Plaintiff's requests.

In sum, Plaintiff has not made a sufficient showing to obtain an order compelling discovery from DentALL Defendants, and the Court does not find that the parties are at an impasse on the discovery matters addressed in Plaintiff's motion such that judicial intervention would be appropriate at this time. *See Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

### III.    Motion for More Definite Answer and Responses from County Defendants (Dkt. 52)

Plaintiff's next motion is styled as a one seeking a "more definite" statement from County Defendants with respect to their answer to the second amended complaint and their

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 6

responses to Plaintiff's requests for admission.[2] Dkt. 52. Plaintiff includes a copy of County Defendants' responses to his requests for admission as an exhibit to his motion. *Id.* at 12–34. Plaintiff alleges that County Defendants have taken inconsistent and conflicting positions in their answer and discovery responses. Plaintiff identifies 39 such instances and argues the alleged inconsistencies indicate evasiveness and bad faith from County Defendants. *Id.* at 3–6. Plaintiff requests an order directing County Defendants "to move forward with discovery in good faith" and to submit a new responsive pleading and new discovery responses so that Plaintiff may "understand[] County Defendants' position(s) on material issues and facts." *Id.* at 3, 8–9.

In response, County Defendants argue that Plaintiff's motion is procedurally improper to the extent it relies on Federal Rule of Civil Procedure 12(e), which governs motions for more definite statements. Dkt. 56. They further assert that any differences between their answer to the second amended complaint and their subsequent discovery responses reflect the ordinary development of information through discovery, not evasion or bad faith as Plaintiff alleges. *Id.* In addition, County Defendants argue that, while Plaintiff may not require them to submit a new answer or discovery responses in the manner requested in his motion, he may instead seek clarification of their litigation position though further discovery. *Id.*

The Court agrees with County Defendants' that Plaintiff's motion is procedurally improper. Motions for more definite statement under Rule 12(e) apply only to pleadings for which a response is allowed. *See* Fed. R. Civ. P. 12 (e). Because the Court has not permitted Plaintiff to file a reply to County Defendants' answer, it is not a pleading subject to Rule 12(e). County Defendants' discovery responses, which are not pleadings, are also not subject to Rule

---

[2] Because Plaintiff's motion for more definite answer and responses from County Defendants was prepared and filed at the same time as his motion to compel discovery from DentALL Defendants, the Court does not construe Plaintiff's motion against County Defendants as a motion to compel or review it under the standards applicable to such motions.

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 7

12(e). Accordingly, Plaintiff is not entitled to a "more definite" answer or discovery responses from Country Defendants through the procedure provided in Rule 12(e).

Furthermore, the Court takes County Defendants' argument that additional discovery procedures remain open to Plaintiff as an indication they remain open to conducting discovery in good faith. Thus, the Court declines to admonish County Defendants as Plaintiff requests. In addition, to the extent Plaintiff wishes to clarify County Defendants' litigation positions, County Defendants are correct that discovery is still open in this case and, as such, discovery procedures remain open and available to Plaintiff. *See* Dkt. 47. Finally, if additional time is required to conduct good faith discovery in this case, all parties remain free to seek an extension of case deadlines on that basis.

**IV.    Conclusion**

For the reasons set forth above, Plaintiff's motion to compel discovery from DentALL Defendants (Dkt. 53) is denied without prejudice and Plaintiff's motion for more definite answer and responses to requests for admissions from County Defendants (Dkt. 52) is denied.

Dated this 27th day of February, 2026.

David W. Christel
United States Magistrate Judge

ORDER ON MOTIONS TO COMPEL AND FOR A
MORE DEFINITE STATEMENT - 8