UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

                 Plaintiff,

    v.

WHATCOM COUNTY, et al.,

                 Defendants.

CASE NO. 2:25-CV-208-DGE-DWC

ORDER GRANTING APPLICATION FOR RELIEF UNDER RULE 56(D) AND MOTION FOR RELIEF FROM CASE DEADLINES

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff Richard Arthur Kirkham's motion for relief from deadlines, seeking an additional six months to complete discovery in this case. Dkt. 61. Also pending is a motion for summary judgment filed by Defendants Jessica Dubek and DentALL, Dkt. 58, and a combined cross-motion for summary judgment and response filed by Plaintiff, Dkt. 68. In his combined cross-motion and response, Plaintiff requests, among other things, that additional time to complete discovery be provided under Rule 56(d) of the Federal Rules of Civil Procedure. *Id.* at 15. Plaintiff also filed two declarations regarding his efforts to obtain discovery and the need to complete further discovery in this case. Dkt. 68-1 at 131–35; Dkt. 66. The Court

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 1

construes Plaintiff's Rule 56(d) request and his supporting declarations as an application for relief under Rule 56(d). Dkt. 68 at 15; Dkt. 68-1 at 131–35; Dkt. 66.

Upon review, the Court finds good cause for an extension of case deadlines and for deferring decision on dispositive motions under Rule 56(d) of the Federal Rules of Civil Procedure and orders appropriate relief as outlined in the conclusion below.

## I.    BACKGROUND

Plaintiff, an inmate currently confined at Whatcom County Jail ("WCJ"), initiated this action concerning the dental care provided to him at that facility. Dkt. 7. In his second amended complaint, Plaintiff alleges all Defendants violated his rights under the Fourteenth Amendment to the United States Constitution and that Defendant Dubek engaged in medical malpractice in violation of Washington state law. *Id.* at 10–11.

On October 14, 2025, the Court entered a pretrial scheduling order establishing the following deadlines:

>    (1)    All discovery shall be completed by **March 13, 2026**.

>    (2)    Any motion to compel discovery shall be filed not later than **February 20, 2026**.

>    (3)    Any dispositive motion shall be filed and served by **April 13, 2026**.

Dkt. 47 (emphasis in original).

Plaintiff timely initiated discovery by serving his first set of requests in November 2025. Dkt. 48 (certificate of service of discovery requests). Plaintiff alleges that Defendants began producing responsive materials in December 2025 but did so on an incomplete and piecemeal basis. Dkt. 61; *see also* Dkt. 53.

In February 2026, when Plaintiff had not yet received all responses to his first round of discovery requests, he filed a timely motion to compel discovery. Dkt. 53. After Plaintiff filed his motion to compel and nearly 60 days after the deadlines imposed by the Federal Rules of

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 2

Civil Procedure, Defendants provided Plaintiff with the outstanding discovery responses. Dkt. 61; *see* Dkt. 57 (declaration from defense counsel regarding completion of discovery).

Plaintiff states that, upon receipt of complete discovery responses, he began preparing a second round of discovery requests. Dkt. 61 at 2. In addition, Plaintiff alleges he is in the process of identifying and retaining a dental expert and has begun coordinating with jail officials to facilitate a dental examination by said expert. *Id.* at 2–3; *see also* Dkt. 66; Dkt. 68-1.

On February 23, 2026, Defendants Dubek and DentALL filed a motion for summary judgment on all claims, arguing that Plaintiff does not have evidence from a dental expert and alleging such evidence is required to demonstrate the dental treatment he received fell below the standards of care such that it amounted to professional negligence/dental malpractice. Dkt. 58.

On March 14, 2026, Plaintiff filed his motion for relief from deadlines, requesting an additional six months to complete discovery in this case. *Id.* Defendants oppose Plaintiff's request for an extension to case deadlines, arguing that Plaintiff has not demonstrated reasonable diligence in pursuing discovery and that additional discovery is unlikely to yield new information. Dkt. 63.

On March 30, 2026, the Court received Plaintiff's combined cross-motion for summary judgment and response in opposition to Defendants' summary judgment motion. Dkt. 68. In addition to other arguments,[1] Plaintiff contends that Rule 56(d) of the Federal Rules of Civil Procedure precludes summary judgment until after discovery has been completed in this case. *Id.*

---

[1] Plaintiff also included a "Clarification of Claims," which outlines numerous claims that do not appear in his second amended complaint. *Compare* Dkt. 68 at 29–30 *with* Dkt. 7 at 10–11. Plaintiff is advised that he may not add new claims in response to summary judgment and must instead seek leave to amend in accordance with Rule 15 of the Federal Rules of Civil Procedure. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings").

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 3

at 15. Plaintiff also filed declarations regarding his efforts to obtain discovery and the need to complete further discovery including obtaining an expert witness. Dkt. 66; Dkt. 68-1 at 131–35.

Finally, in his most recent filing, Plaintiff provided notice that his second round of discovery requests were served upon all Defendants on March 20, 2026. Dkt. 69.

## II.   DISCUSSION

**A.      Application for Relief under Rule 56(d) (Dkt. 68 at 15; Dkt. 68-1 at 131–35; Dkt. 66)**

The Court first turns to Plaintiff's application for relief under Rule 56(d) that was filed in response to Defendants Dubek and DentALL's motion for summary judgment. Dkt. 68 at 15; Dkt. 68-1 at 131–35; Dkt. 66. Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Particularly, if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

To prevail under Rule 56(d), the requesting party must submit "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R.*

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 4

*Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (quotation and citations omitted).

Plaintiff filed his Rule 56(d) request and his declarations regarding discovery efforts on March 17, 2026, which was two days before the deadline to respond to Defendants' motion for summary judgment.[2] As such, Plaintiff's application for relief under Rule 56(d) is timely.

In his application, Plaintiff specifically identifies the evidence he seeks to obtain through additional discovery and provides a basis for his belief that the information he seeks actually exists. *Emp'rs Teamsters,* 353 F.3d at 1129. Specifically, Plaintiff states he requires additional time to obtain evidence from a dental expert and that he has received private funding for such an expert.[3] Dkt. 68-1 at 134–35. Plaintiff alleges a dental expert will provide testimony relevant to the issues in this case such as information about the community standards of care for his condition and whether the care he received satisfied those standards. *Id.* at 134–35; *see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (whether a chosen course of treatment was medically unacceptable under the circumstances is relevant to deliberate indifference claim).

Plaintiff's application also demonstrates his diligence in obtaining an expert witness and pursuing discovery of other evidence in this case. *Burlington N. Santa Fe R.R. Co.,* 323 F.3d at 773–74. Plaintiff initiated discovery early in the case by serving his first round of discovery requests on October 30, 2025. Dkt. 66 at 1; *see also* Dkt. 48 (certificate of service). Upon receipt

[2] Defendants argue Plaintiff did not file a timely response to their motion for summary judgment. Dkt. 64. However, as an incarcerated *pro se* litigant without access to the Court's e-filing program, Plaintiff receives the benefit of the prison mailbox rule. *Houston v. Lack,* 487 U.S. 266, 270 (1988). Under the prison mailbox rule, Plaintiff's submissions to the Court are deemed filed on the date they are deposited to prison authorities for forwarding to the Court. *Id.* Plaintiff certifies that the documents comprising his application for relief under Rule 56(d) were submitted to prison authorities on March 17, 2026. Dkt. 67 at 3 (certification for combined cross motion and response with supporting exhibits); Dkt. 66 at 4 (certification for discovery declaration).

[3] Plaintiff also references written depositions but does not discuss the information he wishes to obtain in those depositions with sufficient specificity to obtain relief under Rule 56(d) on that independent basis. Dkt. 68-1 at 135; Dkt. 66 at 2. Thus, the Court does not consider whether additional time may be needed to complete written depositions in ruling on Plaintiff's application for relief under Rule 56(d).

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 5

of complete discovery responses from the Defendants, Plaintiff prepared and served a second round of discovery requests within 60 days. Dkt. 66 at 1 (complete discovery requests received by Plaintiff on February 5, 2026); *see also* Dkt. 57 (first round of discovery responses completed and mailed by Defendants on January 27, 2026); Dkt. 69 (second round of discovery requests sent by Plaintiff on March 20, 2026). Plaintiff represents that he is actively preparing requests for written depositions. Dkt. 66 at 2.

With respect to an expert witness, Plaintiff states he began inquiring about an expert witness on January 5, 2026. *Id.* Plaintiff initiated this inquiry by discussing the feasibility of a dental examination by an expert witness with Attorney Jesse Corkern, who is defense counsel for County Defendants. *Id.* Plaintiff states he followed up with Attorney Corkern about coordinating a dental examination by an expert with WCJ staff on February 24, 2026. *Id.* According to Plaintiff, Attorney Corkern told Plaintiff he could provide his contact information to WCJ staff to discuss the matter. Dkt. 68-1 at 134. The same day, Plaintiff sent an inquiry to WCJ staff about coordinating a potential examination by a dental expert and provided them with Attorney Corkern's information. *Id.* In addition, Plaintiff represents that he recently secured private funding for an expert witness and states that, even if he is unable to coordinate an expert dental examination, he intends to obtain an expert witness to review his medical records and other information regarding the dental treatment he has received while at WCJ. *Id.*

In sum, Plaintiff has filed a timely application specifically identifying the information he seeks to obtain, providing a basis for why such information exists and is relevant to his claims, and demonstrating his diligence in obtaining discovery. Therefore, the Court finds he is entitled to relief under Rule 56(d) of the Federal Rules of Civil Procedure.

As required by Rule 56(d), the Court must delay or deny summary judgment, allow more time for discovery, or enter any other appropriate order. The Court finds the parties should be

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 6

allowed adequate time to complete discovery before rendering a decision on dispositive motions. Further, because additional discovery may alter the arguments submitted by both parties, which would likely require supplemental briefing and additional dispositive motions, the Court finds that delaying disposition of the current motions would not be an efficient use of judicial resources. Thus, pursuant to Rule 56(d) directive to enter "other appropriate order[s]," the Court finds striking the pending dispositive motions with the right to refile after the discovery period has concluded to be the most appropriate course.

**B.      Motion for Relief from Deadlines (Dkt. 61)**

The Court next considers Plaintiff's motion for relief from case deadlines. Dkt. 61. Under the Federal Rules of Civil Procedure, a case scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This Court's local rules also require a showing of good cause to extend case deadlines and instruct that "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Local Rules, W.D. Wash. LCR 16(b)(6).

While additional factors may support the Court's decision grant an extension, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Conversely, where the moving party demonstrates diligence, the Court must grant the motion to extend. *See, e.g., Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007) (reversing denial of motion to extend discovery deadlines as abuse of discretion).

Here, the record supports a finding that Plaintiff has acted with reasonable diligence in conducting discovery thus far. Plaintiff initiated discovery early in the case and pursued it throughout the discovery period. It is undisputed that Defendants' discovery productions were

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 7

not completed in a timely manner and occurred incrementally over several months. As such, Plaintiff did not receive complete responses to his initial discovery requests until February 2026, shortly before the discovery cutoff. Thus, the fact Plaintiff was not able to complete a second round of discovery requests before the court-imposed deadline is not the result of his own lack of diligence but, instead, delays caused by Defendants.

The Court also finds that Plaintiff's request for additional time to obtain a dental expert is reasonable and not attributable to lack of diligence. Less than a month before the close of discovery, Defendants DentALL and Dubek moved for summary judgment on the ground that Plaintiff lacks expert support for his claims. Dkt. 58 (filed February 23, 2026). Plaintiff's request for additional time to secure expert evidence is therefore directly relevant to the issues recently raised by Defendants in this case.

Finally, Defendants' argument that further discovery will not produce new information does not overcome Plaintiff's showing of diligence, nor does it adequately address Plaintiff's need for additional time obtain expert testimony in light of arguments made in Defendants' motion for summary judgment.

Accordingly, the Court finds that Plaintiff has demonstrated good cause for an extension to case deadlines. At this juncture, however, the Court finds Plaintiff's request for an additional six months to complete discovery excessive and, instead, grants an additional 60 days to complete discovery and 90 days to file dispositive motions from the date of this Order.

### III.   CONCLUSION

For the forgoing reasons, the Court finds good cause for extending discovery and dispositive motion deadlines and for deferring decision on summary judgment in this case. As such, the Court orders the following:

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 8

a. Plaintiff's application for relief under Rule 56(d) of the Federal Rules of Civil Procedure (Dkt. 68 at 15; Dkt. 68-1 at 131–35; Dkt. 66) is granted.

b. Plaintiff's motion for relief from deadlines (Dkt. 61) is granted, and the Court's pretrial scheduling order (Dkt. 47) is modified as follows:

    (1) All discovery shall be completed by **June 1, 2026**.

    (2) Any motion to compel discovery shall be filed not later than **May 11, 2026**.

    (3) Any dispositive motion shall be filed and served by **July 1, 2026**.

All other provisions in the pretrial scheduling order remain unchanged.

c. The Defendant Dubek and DentALL's motion for summary judgment (Dkt. 58) and Plaintiff's cross-motion for summary judgment (Dkt. 68) are stricken, and the parties have a right to refile dispositive motions after discovery has been completed in this case.

d. Plaintiff's motion to file over-length brief (Dkt. 67) is denied as moot.

Dated this 2nd day of April, 2026.

David W. Christel
United States Magistrate Judge

ORDER GRANTING APPLICATION FOR RELIEF
UNDER RULE 56(D) AND MOTION FOR RELIEF
FROM CASE DEADLINES - 9