UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

Plaintiff,

v.

WHATCOM COUNTY, et al.,

Defendants.

CASE NO. 2:25-CV-208-DGE-DWC

ORDER ON DISCOVERY MOTIONS
AND DIRECTING PARTIES TO MEET
AND CONFER AND TO SHOW
CAUSE

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Before the Court are three motions concerning ongoing discovery disputes filed by Plaintiff Richard Arthur Kirkham. Dkts. 74, 77, 87. Plaintiff first filed a motion to compel discovery from all Defendants. Dkt. 74. Plaintiff then supplemented his motion to compel to address subsequent responses received from Defendants. Dkt. 77. Finally, Plaintiff filed a motion to strike certain filings by Defendants concerning the timing of discovery requests and responses, which the parties dispute. Dkt. 87.

Upon review, Plaintiff's motions (Dkts. 74, 77, 87) are denied without prejudice and the parties are directed to meet and confer according to the instructions below. The parties are

ORDER ON DISCOVERY MOTIONS AND
DIRECTING PARTIES TO MEET AND CONFER
AND TO SHOW CAUSE - 1

further directed to show cause why the Court should not *sua sponte* appoint voluntary *pro bono* counsel to assist Plaintiff in this case.

## I.    BACKGROUND

On April 2, 2026, the Court modified the pretrial scheduling order and extended the deadlines to complete discovery in this case. Dkt. 70. In extending the discovery deadlines, the Court considered Plaintiff's diligence in pursuing discovery, Plaintiff's request for additional time to retain an expert, and the fact that delays in discovery had been attributable, at least in part, to Defendants' untimely discovery responses. *Id.*

On May 8, 2026, Plaintiff filed a motion to compel discovery. Dkt. 74. Plaintiff represented that he had served a second round of discovery requests on Defendants and had not received all requested discovery responses before the motion-to-compel deadline. *Id.* Plaintiff further asserted that Defendants had not provided certain medical records for Plaintiff's dental expert to review, and that this occurred despite defense counsel's representations that such materials would be produced and Plaintiff's continued efforts to contact defense counsel at scheduled times. *Id.*

County Defendants and DentALL Defendants filed responses in opposition to Plaintiff's motions. Dkts. 75, 78.  DentALL Defendants asserted that their discovery responses were timely because Plaintiff's discovery requests were delayed in transit through the prison mail system and were not received until April 13, 2026, or later. Dkt. 75. DentALL Defendants further argued that Plaintiff sought judicial intervention in discovery before satisfying the meet-and-confer requirement. *Id.* County Defendants argued Plaintiff's requests were largely moot because discovery responses had now been served and Plaintiff had not been prejudiced by any delays. Dkt. 78.

ORDER ON DISCOVERY MOTIONS AND
DIRECTING PARTIES TO MEET AND CONFER
AND TO SHOW CAUSE - 2

On May 22, 2026, Plaintiff filed a second motion seeking leave to raise supplemental discovery disputes that arose after the filing of his initial motion to compel. Dkt. 77. Plaintiff asserted that, although some discovery responses were served after his initial motion was filed, several discovery disputes remained. *Id.* Plaintiff alleged that, among other things, the requested medical records for his expert's review had not yet been produced by Defendants. *Id.*

Both the County Defendants and DentALL Defendants filed further responses opposing Plaintiff's supplemental motion. Dkts. 78, 82. Defendants generally maintain that they have substantially complied with their discovery obligations, that many of Plaintiff's requests are now moot because additional discovery has been provided, and that any delays resulted from logistical difficulties associated with Plaintiff's reliance on mail rather than bad faith on their behalf. *Id.* Defendants also submitted declarations concerning the timing of discovery requests and responses. Dkts. 79, 83.  In his sworn declaration, Defense counsel for County Defendants stated the medical records Plaintiff requested a month and a half prior for his expert's review had not yet been located "despite [unspecified] reasonable efforts." Dkt. 83.

Plaintiff subsequently filed replies, declarations, and a motion to strike disputing Defendants' characterization of the discovery timeline and maintaining that discovery remains incomplete. Dkts. 84–88. Plaintiff maintains that records sought for review by his retained expert, including radiographs and related medical documentation, have not been produced despite his repeated requests and attempts to confer with Defendants' counsel. *Id.* Plaintiff acknowledged that he neglected to include a meet-and-confer certification in his initial motion to compel. Dkt. 84. However, Plaintiff maintains that he has made repeated efforts to communicate with defense counsel concerning the disputed discovery matters and remains unable to obtain their meaningful responses or telephone conferences with them. Dkts. 84–88.

ORDER ON DISCOVERY MOTIONS AND
DIRECTING PARTIES TO MEET AND CONFER
AND TO SHOW CAUSE - 3

## II.   LEGAL STANDARD

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. Further, both the Federal Rules of Civil Procedure and this Court's Local Rules require parties to meet and confer, or otherwise attempt to resolve discovery disputes informally before seeking judicial intervention. Fed. R. Civ. P. 37(a)(1); Local Rules W.D. Wash. LCR 37; *see also* Fed. R. Civ. P. 37(a)(5)(A) (permitting sanctions in the form of "reasonable expenses" assessed against the party and attorney whose conduct necessitated unnecessary judicial intervention in discovery).

If the parties are unable to resolve a discovery dispute through exhaustion of informal means, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). Motions to compel discovery must include a certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Local Rules W.D. Wash, LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the discovery dispute. *Id*.

## III.   DISCUSSION

The Court has reviewed the parties' submissions and finds that the record reflects ongoing disputes concerning the timing of discovery requests and responses, the production of records sought for Plaintiff's expert's review, and the parties' deficient communications regarding those matters. In particular, the record reflects that Plaintiff has made consistent efforts to communicate with defense counsel concerning the disputed discovery matters identified in his

ORDER ON DISCOVERY MOTIONS AND
DIRECTING PARTIES TO MEET AND CONFER
AND TO SHOW CAUSE - 4

motions. Dkt. 70; Dkts. 74, 77, 84–88. At the same time, the record reflects continuing disagreements between the parties regarding the timing of Plaintiff's discovery requests and Defendants' responses, difficulties associated with conducting discovery via mail, ineffective telephone communications, and ongoing disputes concerning the scope and completeness of discovery produced by Defendants. Dkts. 70; Dkts. 78, 79; Dkts. 82, 83; Dkts. 84–88. The record does not reflect that the parties met and conferred, either in person or by telephone, to resolve discovery disputes before seeking judicial intervention.

Under these circumstances, the Court finds that the parties have not yet exhausted reasonable efforts to resolve discovery disputes informally. Accordingly, Court declines to resolve the parties' substantive disputes regarding discovery at this time and, instead, requires the parties to meet and confer according to the instructions below. The substantive issues raised in Plaintiff's motions may be renewed, if necessary, following compliance with the Court's directives. Any future motion to compel must include an appropriate certification regarding the parties' meet-and-confer efforts. See Fed. R. Civ. P. 37(a)(1).

Additionally, the Court has previously reminded DentALL Defendants of their obligation to engage in discovery in good faith and does so again for all Defendants here. *See* Dkt. 59 at 6. Although Defendants are under no obligation to provide discovery materials directly to a non-party, they remain obligated to conduct a reasonable investigation and to produce responsive, nonprivileged information and documents within their possession, custody, or control as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34, 37. Moreover, all Defendants are reminded that, given his *pro se* status, a good faith effort may require additional time and liberal construction be afforded to Plaintiff's requests. Dkt. 59 at 6 (advising DentALL Defendants of

ORDER ON DISCOVERY MOTIONS AND
DIRECTING PARTIES TO MEET AND CONFER
AND TO SHOW CAUSE - 5

the same). The failure of any party to proceed in good faith on any discovery matter will not be tolerated and may result in sanctions against the offending party, their counsel, or both.

Finally, given the advanced stage of this litigation, the complexity of the legal issues involved, and the difficulties posed by Plaintiff's *pro se* and incarcerated status clearly demonstrated in the record of this case, the parties are directed to show cause why the Court should not *sua sponte* appoint voluntary counsel to assist Plaintiff with discovery matters and through final resolution of this case.

## IV.    CONCLUSION AND INSTRUCTIONS

For the stated reasons, Plaintiff's pending motions regarding ongoing discovery disputes (Dkts. 74, 77, 87) are denied without prejudice and the Court enters the following order:

    a.   The parties are directed to meet and confer in person regarding disputed discovery matters in this case on or before July 17, 2026.

    b.   Within seven days of the date the in-person meeting is held, Defendants shall file a declaration and status report demonstrating compliance with the above meet-and-confer requirement. The declaration and status report must update the Court on the status of Plaintiff's request to produce relevant medical records for his retained expert's review.

    c.   To accommodate the parties' informal efforts at resolving discovery, the Court's pretrial scheduling order (Dkt. 47) is modified as follows:

        i.   All discovery shall be completed by August 21, 2026;

        ii.   Any motion to compel discovery shall be filed and served by July 31, 2026; and

        iii.  Any dipositive motions shall be filed and served by September 21, 2026.

All other provisions in the pretrial scheduling order remain unchanged.

d. On or before July 2, 2026, the parties are directed to show cause why the Court should not *sua sponte* appoint voluntary *pro bono* counsel to assist Plaintiff with discovery matters and through final resolution of this case. As part of his response, Plaintiff shall address his financial eligibility for such an appointment under 28 U.S.C. § 1915(e)(1).

e. Finally, the Clerk of Court is directed to provide Plaintiff with a copy of General Order 07-23 (effective Jan. 1, 2024), which outlines the Court's plan and procedures for requesting *pro bono* representation in prisoner civil rights actions.

Dated this 18th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER ON DISCOVERY MOTIONS AND
DIRECTING PARTIES TO MEET AND CONFER
AND TO SHOW CAUSE - 7