UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ARTHUR KIRKHAM,

Plaintiff,

v.

WHATCOM COUNTY, et al.,

Defendants.

CASE NO. 2:25-CV-208-DGE-DWC

ORDER REFFERRING CASE TO *PRO BONO* PANEL

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On June 18, 2026, the Court directed the parties to show cause why the Court should not *sua sponte* appoint voluntary *pro bono* counsel to assist Plaintiff Richard Arthur Kirkham with discovery matters and through final resolution of this case. Dkt. 89. County Defendants and DentALL Defendants filed a joint response and supporting exhibits opposing the appointment of *pro bono* counsel in this action. Dkts. 92, 93. Plaintiff filed a response and declaration in support of appointing *pro bono* counsel. Dkts. 94, 95.

Upon review, the Court finds extraordinary circumstances warranting appointment of voluntary counsel exist in this case and hereby refers this matter to the Court's *Pro Bono* Panel

to identify an attorney who is available and willing to accept a voluntary appointment in this action.

## I. LEGAL STANDARDS

There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). And district courts lack authority to *require* counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Nonetheless, a district court may *request* that an attorney voluntarily represent an indigent plaintiff but only in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). On the second factor, a plaintiff must plead sufficient facts to show he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither factor is dispositive, "rather they must be considered cumulatively." *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

Upon a judicial determination that exceptional circumstances warranting the appointment of counsel exist, this Court's plan and procedures for requesting *pro bono* representation in prisoner civil rights actions is outlined in General Order 07-23 (effective Jan. 1, 2024). Under the

Court's plan, *pro se* plaintiffs must submit the following when seeking appointment of voluntary counsel in civil rights actions:

> **[Section 3] (b) Motion and Declaration of *Pro Se* Litigant**. Any motion for the appointment of counsel by a party appearing *pro se* in a civil rights action shall include a declaration stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation, and identifying any prior *pro bono* appointments of counsel to represent the party in cases brought in this Court, including both pending and previously terminated actions. The declaration should further state whether the *pro se* litigant has already pursued another action, such as a wage claim or agency claim, before proceeding with their federal action. A completed copy of a declaration stating the movant cannot afford to hire an attorney shall be attached to the motion.

*Id.* at 5.

## II. DISCUSSION

Plaintiff requests appointment of voluntary *pro bono* counsel in this case, stating he is financially eligible for such an appointment, has exhausted efforts to obtain counsel through other means, has not received a *pro bono* appointment in other litigation, and requires assistance of counsel to continue litigating this matter in light of the mounting complexity of the factual and legal issues involved. Dkts. 94, 95. County and DentALL Defendants jointly oppose appointment of voluntary counsel, arguing Plaintiff has demonstrated a significant ability to litigate this action and numerous other matters *pro se*. Dkts. 92, 93. Defendants further note that Plaintiff has extensively litigated actions in both state and federal court and contend that the ordinary limitations associated with incarceration (including Plaintiff's allegations regarding access to legal resources, reliance on institutional mail, and limited ability to investigate claims) are common to most incarcerated litigants and therefore do not constitute the extraordinary circumstances necessary to warrant appointment of counsel. *Id.*

Having considered the relevant factors, the Court concludes that extraordinary circumstances exist in this case. First, for the sole purpose of assessing whether appointment

counsel is warranted in this case, the Court finds that Plaintiff has shown a likelihood of success on the merits. Plaintiff's Fourteenth Amendment claims survived a motion to dismiss filed by County Defendants. *See* Dkt. 44. And although this matter remains in the discovery phase, DentALL Defendants previously moved for summary judgment principally on the ground that Plaintiff lacked the expert testimony necessary to establish his claim. Dkt. 58. Plaintiff has since obtained a dental expert and is continuing discovery directed toward developing the expert evidence that Defendants have argued is necessary to support his claims. *See* Dkt. 74. Thus, Plaintiff has progressed beyond merely stating a claim and is actively developing evidence capable of supporting the elements of his case and rebutting summary judgment arguments previously raised.[1]

Second, the Court finds that the complexity of the issues presented now substantially exceeds Plaintiff's demonstrated ability to articulate the factual and legal basis of his claims *pro se*. While Defendants contend that Plaintiff has demonstrated competence in this and other *pro se* litigation, the Court is not persuaded that those abilities necessarily translate to an ability to continue *pro se* in this litigation, which now requires the development and use of expert testimony. To successfully prosecute his claims in this case, Plaintiff must not only understand and effectively utilize complex dental evidence, but also comply with the procedural and evidentiary requirements governing expert testimony. This includes establishing the admissibility of expert opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), responding to any challenges to his expert's qualifications or

---

[1] The Court also observes that discovery in this case has been protracted and has involved numerous requests for court intervention. *See* Dkts. 59, 70, 89 (orders on discovery matters). Although the parties disagree regarding the source of discovery delays, the record reflects that the pace of discovery has been affected by circumstances beyond Plaintiff's incarceration and, at times, by Defendants' own conduct. *Id.* This history is not itself the basis for appointment of counsel but provides additional context for the Court's conclusion that appointment of voluntary counsel will benefit the effective development of expert evidence and other discovery in this case.

methodology, and, if necessary, addressing competing expert testimony offered by Defendants. These issues present both sophisticated factual and legal questions that extend well beyond Plaintiff's demonstrated experience litigating *pro se*.

Furthermore, the Court's determination does not rest on Plaintiff's incarceration or the ordinary burdens attendant to self-representation. Rather, it rests on the unique demands of litigating Plaintiff's dental treatment claim that, based on the parties' filings thus far, is likely to turn on competing expert testimony and the admissibility of that testimony. *See, e.g.*, *R.M. v. Washington*, 3:18-cv-05387-BHS-TLF, Dkt. 132 (W.D. Wash. May 11, 2021) (finding extraordinary circumstances warranting appointment of counsel where continued litigation would require "the ability to develop complex medical and expert evidence"); *c.f. Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (affirming district court's determination that extraordinary circumstances did not exist where, despite high likelihood of success, legal and factual issues involved only "straightforward credibility determination"). Considering Plaintiff's likelihood of success on the merits together with the significant complexity associated with expert discovery and expert litigation, the Court concludes that exceptional circumstances warrant the appointment of voluntary counsel in this case.

Having concluded that exceptional circumstances exist, the Court examines Plaintiff's financial eligibility for court-appointed counsel and his efforts to obtain *pro bono* counsel through other means. *See* General Order 07-23 (effective Jan. 1, 2024). Based on Plaintiff's financial affidavit and supporting documentation, the Court finds Plaintiff has demonstrated that he is presently unable to afford counsel in this action. Dkt. 94 at 11–12, 14–24. Plaintiff reports having $300 in cash, no funds in checking or savings accounts, and a prisoner trust account balance of $409.80. *Id.* Plaintiff further represents that his monthly expenses equal his available monthly income. *Id.* at 11–12.

The Court also finds Plaintiff has made reasonable efforts to obtain counsel independently. In a sworn declaration, Plaintiff states he has contacted approximately 100 attorneys, law firms, and non-governmental organizations seeking *pro bono* representation. *See* Dkt. 94 at 1–2. Plaintiff represents that most attorneys and law firms did not respond to his requests. *Id.* However, organizations including the Northwest Justice Project, the University of Washington School of Law Clinical Law Program, and the Vera Institute of Justice either declined representation or referred Plaintiff to additional attorneys. *Id.* at 1–2, 6–9. Plaintiff states he contacted those referred attorneys but likewise was unable to obtain representation. *Id.* at 1–2. Plaintiff further states that he has not received *pro bono* representation in any prior legal action. *Id.* at 2.

Finally, Plaintiff states that, before initiating this action, he attempted to resolve his claims through the Whatcom County Jail grievance process and the Whatcom County tort claim process. *Id.*

Based on the above, the Court concludes that Plaintiff has satisfied the requirements for obtaining appointment of voluntary counsel set forth in Section 3(b) of General Order 07-23.

## III. CONCLUSION

Accordingly, the Court will appoint counsel contingent on the Court being able to locate an attorney willing to represent Plaintiff *pro bono* in this matter. This matter is hereby referred to the *Pro Bono* Panel to identify an attorney who is available and willing to accept a voluntary appointment in this action. The Clerk shall identify an attorney or law firm from the Court's *Pro Bono* Panel to represent Plaintiff in this case. The scope of the engagement will ultimately be between the attorney accepting voluntary appointment and the client (Plaintiff).

Plaintiff is advised that the Court cannot force any attorney to accept a *pro bono* appointment in this case. It is possible a *pro bono* attorney will not be found and, if so, Plaintiff

will remain unrepresented. If the Court cannot locate an attorney who is willing to provide representation within a reasonable time, the parties will be notified by a minute entry for the electronic docket, stating that the inquiry was unsuccessful and that Plaintiff will be required to continue in this action *pro se*.

Finally, all case deadlines are stayed pending resolution of the above matters and will be reinstated in a future order.

Dated this 21st day of July, 2026.

David W. Christel
United States Magistrate Judge